UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darrick Flowers,                                                                  Civil No. 10-1555 RHK/AJB

                Plaintiff,

v.                                                                                      **REPORT AND RECOMMENDATION**

D. Dubbs, Associate Warden, et al.,

                Defendants.

      This matter is before the court, United States Chief Magistrate Judge Arthur J. Boylan, 300 South Fourth St., Minneapolis, MN, on defendants' motion to dismiss [Docket No. 14]. Plaintiff has filed a pro se complaint for violation of civil rights pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The complaint alleges constitutional violations by defendants with respect to prisoner disciplinary proceedings and plaintiff's placement in disciplinary segregation and subsequent transfer in retaliation for exercising his First Amendment rights. Plaintiff is a federal prisoner who is presently incarcerated at FCI-Fort Dix, New Jersey. The disciplinary actions at issue in this case took place while plaintiff was located at FCI-Waseca, Minnesota. During times pertinent to this action defendant Dwayne Dubbs, now retired, was the associate warden at FCI-Waseca; defendant Ricardo Rios was the warden; defendant Frank Silva was a Captain at FCI-Waseca; defendant Matthew Levisay was a corrections counselor; defendant Stacy Blee was the Supervisor of Education at FCI-Waseca; defendant Sarah Bragg was a corrections officer; defendant Joseph Ripka was an SIS Lieutenant; and defendant Peter Pottios, was the disciplinary hearing officer. The action has been referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

**Claims**

The complaint alleges violation of plaintiff's First Amendment rights resulting from the individual defendants' involvement in reporting and filing an allegedly false incident report citing plaintiff's participation in organizing a food strike[1] at FCI-Waseca. Plaintiff Darrick[2] Flowers asserts that he was exercising his First Amendment free speech rights in submitting grievances and incident reports regarding certain corrections staff. Plaintiff further contends that his transfer from FCI-Waseca to FCI-Fort Dix, a location farther from his family, was in retaliation for those complaints against staff members, and that the defendants fabricated evidence of his involvement in the June 2, 2008, food strike to create a justification for disciplinary proceedings and punishment, including placement in segregation, loss of good time, and transfer. The individual plaintiffs are sued in their individual and official capacities and for relief in this matter the plaintiff seeks compensatory and punitive damages from each of the defendants.

Defendants move to dismiss the action on grounds that Mr. Flowers cannot maintain his claims without first invalidating the underlying discipline by way of administrative process or petition for writ of habeas corpus, a requirement which he has not met and cannot achieve under circumstances in which there is at least some evidence to support the disciplinary determination. Defendants also contend that in any event the plaintiff has not stated a cause of

---

[1] The "food strike" in this instance is described as a prearranged demonstration by prisoners such that inmates would not eat the noon meal on June 2, 2008.

[2] In the various documents in the record, including pleadings filed by the plaintiff himself, Mr. Flowers' first name is alternatively spelled "Darrick" and "Derrick." In his signature, plaintiff spells his name "Darrick," and that is the spelling used by the court.

action for violation of his constitutional rights.  In addition, defendants assert that official capacity claims are barred by the doctrine of sovereign immunity, and that the action must be dismissed as to defendant Dwayne Dunn for failure to accomplish service of process.  For reasons discussed below the magistrate judge recommends that the defendants' motion to dismiss be granted and that the complaint in this action be dismissed with prejudice.

## DISCUSSION

### Background

On April 3, 2008, plaintiff Darrick Flowers submitted an administrative grievance form seeking informal resolution of a complaint wherein he alleged that defendant Sarah Bragg, his prison unit officer, had violated written employee conduct standards by being inattentive to duty requirements and failing to respond to an emergency situation.[3]  The prisoner stated that he had passed out due to a medical condition during the early morning hours of April 2, 2008, and that Ms. Bragg had left the unit and should be reprimanded for her failure to be available to respond to the emergency.[4]  In a response from defendant Lt. Ripka, dated April 17, 2008, the plaintiff was advised that an investigation had been requested, but that the results of such investigation would not be available to inmates.[5]  Mr. Flowers thereafter submitted a formal Request for Administrative Remedy dated May 6, 2008, reasserting his complaint and the request for an investigation.[6]

---

[3] [Docket No. 1], Complaint, Ex. 3.

[4] Id.

[5] Id., Ex. 4.

[6] Id., Ex. 5

A food strike took place at FCI-Waseca during the lunch meal commencing at 11:00 a.m. on June 2, 2008. An investigation was promptly initiated and plaintiff Flowers was identified as a strike instigator, based upon his behavior prior to and during the strike. Specifically, an Incident Report stated that defendant Levisay saw the plaintiff in his assigned housing unit receiving reports on inmates who ate the noon meal on June 2, 2008, and defendant Blee, the prison's education supervisor, was speaking with the plaintiff in the hallway outside of the food service when she observed the plaintiff as he appeared to be positioning himself to allow observation of inmates entering the dining hall, and meanwhile, paying little attention to the conversation.[7] Flowers denied these allegations and stated that he had an appointment to speak with Ms. Blee regarding a class.[8] The initial Incident Report was subsequently rewritten to state that Levisay had heard the plaintiff asking other inmates the questions "[w]ho went to eat?"; [d]id you see who ate?"; and "[h]ow many went to eat?"[9] The second Incident Report also noted the plaintiff's objections[10] to the investigation and the disciplinary process.

On August 5, 2008, Mr. Flowers acknowledged receipt of a Notice of Discipline Hearing before the (DHO).[11] The form document stated the alleged code violation to be 212/299A, described as being "conduct which disrupts or interferes–most like engaging in, or

---

[7] Complaint, Ex. 8, Incident Report dated July 31, 2008.

[8] Id.

[9] Id., Ex. 9, Incident Report rewrite dated August 27, 2008.

[10] Id.

[11] Id., Ex. 12.

encouraging a group demonstration."[12] The prisoner indicated that he did not wish to have a staff representative and that he would call Ms. Blee and Mr. Levisay as witnesses, along an inmate, Zublis, who would testify that the plaintiff was asleep during pertinent times.[13] On August 6, 2008, Flowers submitted a written Inmate Request to Staff stating that he wanted Mr. Moore to be his staff representative. He also identified two additional inmate witnesses.[14] The Notice of Discipline Hearing before the (DHO) was reissued on September 3, 2008, to indicate that staff became aware of the offense on July 31, 2008. The prisoner's acknowledgment of the notice now stated that he did not want a staff representative and identified only one inmate witness in addition to Zublis.[15] A discipline hearing was held on September 11, 2008. Five witnesses were called, including those requested by Mr. Flowers, who also made a statement on his own behalf.[16] In a decision issued on September 14, 2009, the disciplinary hearing officer (DHO) found that an offense was committed as charged. In addressing the prisoner's objections to the charges and the discipline process, the DHO determined that the incident was properly rewritten to include relevant information; the proper code violation was charged; the incident report was timely delivered upon completion of the investigation; the prisoner was advised of his right to remain silent; the prisoner provided no credible evidence to support a claim of retaliation; the "food strike" was properly characterized as a demonstration; the prisoner's

---

[12] Complaint, Ex. 12.

[13] Id.

[14] Id., Ex. 13.

[15] Id., Ex. 11.

[16] Id., Ex. 15.

explanation regarding his meeting with Ms. Blee did not explain his questions to other inmates; and the testimony of inmates Zublis and Randall did not establish an alibi. The DHO found no grounds on which to discredit statements by Mr. Levisay or the testimony of Ms. Blee and found that Flowers had committed the charged acts, based upon the greater weight of the evidence.[17] As sanctions for the violation, the plaintiff lost 27 days of good time credit and a disciplinary transfer was recommended. In addition, he was given 30 days in disciplinary segregation; and 60 days loss of phone privileges, visitation privileges, and commissary privileges.[18]

Plaintiff Flowers submitted a Central Office Administrative Remedy Appeal on September 24, 2008, with respect to his complaint against Officer Bragg, and further alleging a First Amendment right against retaliation by being placed in segregation.[19] The Central Office Administrator responded to this appeal on December 31, 2008, stating that an internal investigation on staff misconduct had been conducted; no evidence of staff misconduct was found, and previous responses to the prisoner's complaints were appropriate.[20]

Meanwhile, plaintiff commenced administrative proceedings in opposition to the disciplinary decision by way of a Regional Administrative Remedy Appeal dated October 10, 2008.[21] The appeal challenged the 59-day time lapse between the June 2, 2008, event and his receipt of the incident report; the rewriting of the incident report; and his involvement in any

---

[17] Complaint, Ex. 15.

[18] Id.

[19] Id., Ex. 6.

[20] Id., Ex. 7.

[21] Id., Ex. 16.

rules violation. He further asserted that the DHO was not impartial and that the imposed sanctions, particularly the disciplinary transfer, were disproportionate to those imposed on other inmates for similar violations.[22] The Regional Director issued a Response dated November 21, 2008, finding that the incident report and the rewrite were proper and timely under the circumstances in this case; that sanctions are imposed on a case-by-case basis and were appropriate for the stated purpose of deterring future misconduct; there was some evidence to support the charge; and the prisoner was afforded due process in the disciplinary action.[23]

Flowers submitted a Central Office Administrative Remedy Appeal on December 18, 2009,[24] and a second, essentially identical Central Office Appeal on December 29, 2008.[25] In a response dated February 23, 2009, the Central Office Administrator stated that the Regional Director had adequately addressed the prisoner's concerns; evidence was sufficient to support the DHO's findings that he committed the prohibited act, the DHO's determination was reasonable; and there was no evidence that the incident report was motivated by retaliation.[26] A subsequent Central Office appeal response was issued on April 7, 2009, regarding a claim that Flowers was unjustly placed in the Special Housing Unit (SHU) as staff retaliation for his involvement in the food strike.[27] The administrator stated that the prisoner was placed in non-

---

[22] Complaint, Ex. 16.

[23] Id., Ex. 17.

[24] Id., Ex. 18.

[25] Id., Ex. 22.

[26] Id., Ex. 20.

[27] Id., Ex. 23.

punitive SHU pending an investigation as to which Flowers was presented an incident report and ultimately found guilty of a violation. The response also noted the procedural measures, including the right to appeals, which had been afforded the prisoner.[28] Plaintiff Darrick Flowers commenced this <u>Bivens</u> civil rights action on April 15, 2010.

**Official Capacity**

The complaint in this matter states that the defendants are sued in their individual and official capacities.[29] Defendants move to dismiss official capacity claims on grounds that an official capacity claim involves only the defendant's employer, i.e. the United States, and the claims in this case are barred because the United States has not waived sovereign immunity. Therefore, the court lacks subject matter jurisdiction and the official capacity claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff does not address the sovereign immunity issue in his pleading or written argument.

**Standard of Review.** On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the defendant must successfully challenge the complaint either on its face or through an attack on truthfulness of the factual allegations. <u>Ringsred v. City of Duluth</u>, 187 F.Supp.2d 1141, 1153 (D. Minn. 2001). In a facial challenge to subject matter jurisdiction the fact allegations are accepted as true and court merely asks whether jurisdiction exists under the circumstances. <u>Id.</u> (citing <u>Deuser v. Vecera</u>, 139 F.3d 1190, 1191 (8th Cir. 1998) and <u>Berkovitz v. United States</u>, 486 U.S. 531, 540, 108 S.Ct. 1954 (1988)). In a challenge to jurisdiction under Rule 12(b)(1) the court may consider matters outside the pleadings. <u>Id.</u> (citing <u>Deuser v.</u>

---

[28] Complaint, Ex. 23.

[29] Complaint, page 16.

Vecera, 139 F.3d at 1191 n.3).

**Sovereign Immunity.** The complaint merely states that "[d]efendants Dubbs, Silva, Bled and Pottios are sued in their official and individual capacities for their conspiracy and retaliation . . ."[30] and [d]efendants Rios, Levisay, Braggs, and Ripka are sued in their official and individual capacities for their conspiracy and retaliation . . ."[31]  An official capacity suit is essentially a suit against the government entity, i.e. the United States, and any damages recovery may be obtained from the government entity itself.  Kentucky v. Graham, 474 U.S. 163, 166, 105 S.Ct. 3099, 3105 (1985).  In order to establish governmental liability in a civil rights action, the entity must be a moving force behind the alleged deprivation of a federal right.  In addition, in an official capacity suit the entity's policy or custom must have played a role in the violation of federal law as alleged.  Id., 474 U.S. at 166, 105 S.Ct. at 3105.  Also, it is well-settled that in a action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 915 S.Ct. 1999, a plaintiff may sue only individuals who allegedly violated his or her constitutional rights while acting under color of federal law.  Bivens does not authorize suits directly against the United States or any of its agencies for alleged constitutional misconduct.  Schutterle v. United States, 74 F.3d 846, 848 (8th Cir.) cert. denied, 517 U.S. 1210 (1996); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210, 103 S.Ct. 1205 (1983).

The federal government itself cannot be sued in a Bivens action, because it is immune from such suits under the doctrine of sovereign immunity.  See Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991).  The United States and its agencies can be sued only

---

[30] Complaint, page 16.

[31] Id.

if the federal government has waived its immunity.  Manypenny, 948 F.2d at 1063.

Furthermore, any such waiver must be "expressed unequivocally" by Congress.  Id.  Plaintiff has not alleged any express congressional authorization for an official capacity suit under the circumstances of this action.  Therefore, to the extent that plaintiff may seek damages from the United States or agents acting in an official capacity, such suit is barred by the doctrine of sovereign immunity.

**Failure to Serve**

Defendants contend that defendant Dwayne Dubbs has not been personally served process as required under Fed. R. Civ. P. 4, and therefore, claims against him in an individual capacity should be dismissed.  Plaintiff states that defendant Dubbs was an Associate Warden at Waseca when the alleged events occurred, but that he is now retired from federal employment.[32]  The prisoner makes no assertion that Dubbs has been served and offers no argument in opposition to the motion to dismiss individual capacity claims against defendant Dubbs.

The record in this matter establishes that as of July 20, 2010, Dwayne Dubbs was not served the summons and complaint due to inability to locate him.[33]  Fed. R. Civ. P. 4(m) states that an defendant must be dismissed without prejudice if the defendant is not served within 120 days after the complaint is filed.  The time may be extended for an appropriate period if the plaintiff shows good cause for the failure.  Id.  The complaint in this matter was filed on April 15, 2010, and summons were issued on May 24, 2010.  The U.S. Marshals Service accomplished timely service on all other defendants and provided timely notice to the plaintiff that defendant

---

[32] [Docket No. 22]. Reply to Defendant's Motion(s) to Dismiss, page 3.

[33] [Docket No. 11].  United States Marshals Service Process Receipt and Return.

Dubbs had not been served.  Plaintiff has made no subsequent effort to obtain service on Mr. Dubbs and has not shown good cause for failure to make timely service or seek additional time.  Under these circumstances the court concludes that claims against defendant Dwayne Dubbs are properly dismissed for failure to make personal service.  See  Simpkins v. District of Columbia, 108 F.3d 366, 369 (D.C. Cir. 1997).

**Failure to State a Claim**

**Standard of Review.**  Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), failure to state claim upon which relief can be granted, on grounds that as a matter of law the plaintiff cannot pursue a Bivens civil rights claims for constitutional violations relating to prison discipline without first invalidating the underlying discipline or punishment.  A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible. Twombly, 127 S.Ct. at 1974.  When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 127 S.Ct. at 1964-65.  A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote.  Id. at 1965.  However,

a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff opposes the motion to dismiss from the perspective that it is a Rule 56 summary judgment motion. When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference. Piper Jaffray, 967 F. Supp at 1152. In addition, materials which are public record may be considered in deciding a motion to dismiss. E.E.O.C. v. Am. Home Prod., Corp., 199 F.R.D. 620, 627 (N.D. Iowa 2001) (citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999).

In this case the evidence that is considered by the court consists entirely of materials that were submitted as exhibits to the complaint, and the evidence is therefore

construed to be incorporated into the pleading. Under these circumstances the evidence that is cited is not outside the pleadings and the motion will not be construed to be one for summary judgment pursuant to Fed. R. Civ. P. 56, rather than a motion to dismiss under Rule 12(b)(6). The court's ultimate determination herein is based upon whether the complaint on its face contains facts sufficient to permit the reasonable inference that the plaintiff is entitled to relief. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949.

**Administrative Processes.** Plaintiff Darrick Flowers is seeking monetary damages in this matter based upon his contention that he was subjected to prison disciplinary procedures and was disciplined in retaliation for exercising his First Amendment rights. He does not assert that he received a favorable administrative ruling or otherwise invalidated the disciplinary actions of which he now complains and seeks damages, although he certainly insists that he should have obtained administrative relief as to the discipline. The Supreme Court concluded in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) that recovery of damages for allegedly unconstitutional conviction, imprisonment, or other harm resulting from actions whose unlawfulness would render a conviction or sentence invalid, requires that the underlying conviction or sentence first be reversed or declared invalid by the tribunal authorized to make such a determination. Id. at 487. If a judgment in favor of the plaintiff in a civil rights action would necessarily imply the invalidity of the conviction or sentence, the complaint must be dismissed unless it is demonstrated that the conviction or sentence has already been invalidated. Id. This same reasoning applies with respect to prisoner challenges to prison disciplinary proceedings and administrative rulings that affect the length of the sentence. Shelton v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). In this regard the court examines the essence of the

plaintiff's claims, i.e. whether success on the claim would imply invalidity of the discipline, rather than whether the prisoner is seeking earlier release or restoration of good time.  Id. at 234.  Furthermore, there is no meaningful distinction between a Bivens action by a federal prisoner and a § 1983 civil rights action by a state prisoner, and the principles set forth in Heck and its progeny are fully applicable in a Bivens action.  Cistrunk v. Johnson, 2009 WL 2766727, *7 n.5 (D. Minn., Aug. 31, 2009) (citations omitted).

       The complaint in this matter, with exhibits, provides a thorough background of facts relating to plaintiff Darrick Flowers' discipline, including happenings leading up to the discipline on which he bases his claims of retaliation and fabrication of grounds for the discipline.  However, the complaint contains no showing that the discipline has been invalidated by any administrative action or court ruling favorable to the prisoner.  Likewise, in his reply to the motion to dismiss the plaintiff merely restates the underlying facts leading to the disciplinary action, and describes the administrative appeals in which he engaged, but he makes no claim, nor can he reasonably make the claim, that his discipline has been invalidated, or that he has been vindicated in any manner.  In fact, exhibits submitted with the complaint conclusively establish that the discipline has not been nullified.

       Rather, plaintiff Flowers makes an attempt to take this case outside of the Heck v. Humphrey holding by stating that his complaint does not necessarily challenge the discipline he suffered.  Instead, the action is described as consisting of claims for "conspiracy and pattern of professional indifference and retaliation for a proper exercise of his protected First Amendment activities, that denied resolution of Plaintiff's claims in the first instance, in violation of due

14

process and equal protection."[34]  He further states that the underlying issues are:  "(1) [w]hether or not the defendants' participated in conspiratorial conduct in retaliation for Plaintiff's protected activities under the First Amendment; (2) [w]heteher or not this conduct impeded fair and full resolution of Plaintiff's complaints in accordance to the Administrative Remedy Procedure process, in violation of his right(s) to due process and equal protection under the United States Constitution; and (3) [n]ot necessarily the discipline Plaintiff received in this instance based on trumped up charges, . . . ."[35]

       Plaintiff's effort to frame the complaint in a manner that avoids the invalidation rule of Heck v. Humphrey is strained and unavailing.  The Heck rule focuses on the implications to be drawn from a ruling on claims rather than on the nature of the claims themselves.  It is inescapable that a decision favorable to the plaintiff in this matter would necessarily imply the invalidity of the discipline.  Flowers alleges that he was the subject of retaliation through the vehicle of "trumped up charges" which resulted in disciplinary consequences.  This allegation that the discipline charges were somehow improper is a direct challenge to the validity of the discipline.

       **Some Evidence.**  Moreover, a retaliation claim fails if the disciplinary action which serves as the basis for the retaliation claim is commenced in connection with an actual prison rule violation which is supported by "some evidence."  Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008).  The Supreme Court has held that the findings of a prison disciplinary authority should not be second-guessed by the federal courts as long as they "are supported by

---

[34] Reply to Defendant's Motions(s), page 9.

[35] Reply to Defendant's Motions(s), page 14.

some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985). This standard is satisfied:

> if "there is some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Comm'r of Immigr., [273 U.S. 103, 106 (1927)]. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Id. at 455-56 (emphasis added). The findings of a prison disciplinary authority cannot be overturned even where the supporting evidence "might be characterized as meager," or wholly circumstantial. Id. at 457. Simply stated, where there is at least some evidence to support the hearing officer's decision, and the disciplinary action is not wholly insupportable, the requirements of due process are met.

It is of no consequence that the prisoner casts the action in the context of the First Amendment where retaliation is the alleged offending conduct by the defendants, and evidence exists to support the discipline on grounds other than retaliation. Specifically, defendant Blee's observations of plaintiff's behavior during a conversation outside the dining hall during the food strike, and defendant Levisay's reporting of Flower's comments and inquiries about prisoner participation in the food strike, constitute ample facts to satisfy the "some evidence" standard to justify the discipline that was assessed and to preclude a claim that the discipline was somehow retaliatory. The underlying disciplinary action in this case has not been invalidated and the existence of some evidence to support the discipline precludes a claim of retaliation. Under these circumstances the action is barred under the ruling in Heck v. Humphrey and

16

the complaint should be dismissed with prejudice.

Based upon the foregoing discussion, along with the pleadings and memorandums:

**IT IS HEREBY RECOMMENDED** that defendants' motion to dismiss be **granted** [Docket No. 14] and that plaintiff Darrick Flowers' complaint be **dismissed** with prejudice [Docket No. 1].

Dated:   May 9, 2011

                                                s/Arthur J. Boylan
                                               Arthur J. Boylan
                                               United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before May 24, 2011.